IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| WENTRAVIOUS HILL,<br><br>*Plaintiff*,<br><br>v.<br><br>NICKOLAS GABRIEL; STAN SAYER; and CITY OF HARTWELL, GEORGIA,<br><br>*Defendants*. | CIVIL ACTION NO.<br>3:25-cv-00110-TES |

**ORDER**

Relying on 42 U.S.C. § 1983, pro se Plaintiff Wentravious Hill filed a Complaint [Doc. 1] asserting claims for alleged violations of his constitutional rights. Specifically, against Defendant Nickolas Gabriel in his individual capacity, Plaintiff sets forth a First Amendment retaliation claim, a Fourth Amendment unlawful seizure claim, and an equal protection claim under the Fourteenth Amendment. [Doc. 1, p. 2 ¶ 4, p. 3 ¶ 12]. With respect to Defendant Stan Sayer, whom Plaintiff also sues in his individual capacity, Plaintiff sets forth a failure-to-intervene claim. [*Id.* at p. 2 ¶ 5, p. 3 ¶ 12]. And finally, Plaintiff asserts a municipal labiality claim against the City of Hartwell under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). [*Id.* at p. 2, ¶ 6, p. 3 ¶ 12]. Along with his Complaint, Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") [Doc. 2] and a Motion for Service of Process [Doc. 3].

A.      **Plaintiff's IFP Motion**

Authority for granting permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). An application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). After reviewing the statements Plaintiff makes in his IFP Motion [Doc. 2], the Court **GRANTS** him leave to proceed without paying for court fees and costs. *See, e.g.*, [Doc. 2, p. 1].

B.      **Legal Standards**

Since Plaintiff is proceeding *in forma paurperis*, 28 U.S.C. § 1915(e) requires the Court to review his Complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The Eleventh Circuit has determined that ". . . § 1915(e), which governs proceedings *in forma*

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

2

*pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii). The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

More specifically, to survive this initial screening, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* "Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "any set of facts that could be proven with the

allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

C. **Frivolity Review**

According to his Complaint,[2] filed on July 7, 2025, Plaintiff claims that "on or about December 17, 2020," Defendant Gabriel "entered Plaintiff's residence after a false report by a landlord." [Doc. 1, p. 2 ¶ 7]. Also, on October 21, 2021, while Plaintiff was

---

[2] Complaints filed by pro se parties are construed liberally, and their allegations are held to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

4

"retrieving property" "at the police department," Plaintiff claims Defendant Gabriel—"contributing to a pattern of harassment"—"pointed at him in front of staff" and issued him a citation for parking in a handicap parking space. [*Id.* at p. 2 ¶¶ 8, 10]. Despite Defendant Sayer also being present at the police department, Plaintiff claims that Defendant Sayer (who Plaintiff alleges is the Assistant Chief of the Hartwell Police Department) failed to intervene "or correct" Defendant Gabriel's conduct. [*Id.*]. Then, on June 24, 2022, Plaintiff alleges that Defendant Gabirel along with another law enforcement officer arrived at Plaintiff's home and arrested Plaintiff for "allegedly refusing to identify himself." [*Id.* at p. 2 ¶ 9]. Plaintiff states that "[t]hese actions were retaliatory, abusive, and without probable cause" in violation of his First, Fourth, and Fourteenth Amendment rights. [*Id.* at p. 3 ¶ 11].

To recap, Plaintiff alleges that the events underlying his § 1983 claims occurred on December 17, 2020; October 7, 2021; and June 24, 2022.[3] [*Id.* at p. 2 ¶¶ 7–9]. The statute of limitations for a § 1983 claim is governed by the statute of limitations for a personal injury action in the state where the cause of action arose, which in this case is Georgia. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). Personal injury actions in Georgia have a two-year statute of limitations. O.C.G.A. § 9-3-33 (". . . actions for injuries to the

---

[3] To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

person shall be brought within two years after the right of action accrues . . ."); *see also Lovett v. Ray*, 327 F.3d 1181, 1182–83 (11th Cir. 2003). Thus, Plaintiff's § 1983 claims asserted on July 7, 2025, against Defendant Gabriel and Defendant Sayer are barred by the applicable statute of limitations and must be dismissed for failure to state a claim. *Neitzke*, 490 U.S. at 326.

With respect to Plaintiff's municipal lability claim against the City of Hartwell, municipalities are considered "persons" for purposes of § 1983. *Monell*, 436 U.S. at 694; *see* n.3, *supra*. However, a local government may only be sued for constitutional violations caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. "To impose § 1983 liability on a municipality, a plaintiff generally must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Plaintiff's Complaint does not include any allegations that a constitutional violation resulted from a policy, regulation, or decision officially adopted and promulgated by the City of Hartwell. Therefore, notwithstanding the fact that Plaintiff's § 1983 claims are time barred, his *Monell* claim against the City of Hartwell is also subject to dismissal. Plaintiff cannot bring time-barred § 1983 claims pursuant to *Monell* against the City of Hartwell. *See Davis v. City of Atlanta*, No. 1:21-cv-03311-SDG, 2022

WL 4773462, at *4 (N.D. Ga. Sept. 29, 2022).

### D. Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2]. The Court, however, **DISMISSES** Plaintiff's First, Fourth, and Fourteenth Amendment claims brought pursuant to 42 U.S.C. § 1983 because they are time barred by the applicable statute of limitations. The Court also **DISMISSES** Plaintiff's *Monell* claim against the City of Hartwell. Having dismissed each claim Plaintiff asserted in his Complaint, the Court **DENIES** Plaintiff's Motion for Service of Process [Doc. 3] **as moot** and **DIRECTS** the Clerk of Court to **ENTER** Judgment closing this case.

**SO ORDERED**, this 10th day of July, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**